Kim R. Maerowitz, Esq.  #023566
THE MAEROWITZ LAW FIRM
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Phone: 602-277-0633
kmaerowitz@maerowitzlaw.com

Attorneys for Plaintiff David V. Cavan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID V. CAVAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MARON, an individual; ROBERT MARON, INC., a California corporation; and DOES I-X<br><br>Defendants. | Civil Action No.:<br><br>CIVIL COMPLAINT FOR BREACH OF CONTRACT, FRAUD, NEGLIGENT MISREPRESENTATION, BREACH OF FIDICIARY DUTY, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNJUST ENRICHMENT |

Plaintiff David V. Cavan ("Plaintiff Cavan") alleges as follows:

**PARTIES**

1. Plaintiff Cavan is an individual residing in Maricopa County, Arizona.

2. Defendant Robert Maron is an individual residing in Ventura County, California, and doing business in Maricopa County, Arizona. At all relevant times Defendant Robert Maron was President of Robert Maron, Inc.

3. Defendant Robert Maron, Inc. ("Defendant Maron Inc.") is a California corporation with its principal place of business in Ventura County, California that does business in Maricopa County, Arizona. At all times alleged herein Defendant Robert Maron acted individually and on behalf of Defendant Maron Inc.

4. Does I-X are individuals, businesses, or other entities whose identities are not presently known to Plaintiff Cavan but who participated in the acts alleged herein. Plaintiff Cavan will amend his complaint to include these persons when their identities become known and it appears that they may be liable to Plaintiff Cavan for damages.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 United States Code § 1332, because there is complete diversity between Plaintiff Cavan and Defendants, and the amount in controversy exceeds $75,000.

6. Venue is proper under 28 United States Code § 1391, because a substantial part of the events or omissions giving rise to the claims stated below occurred in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

7. On or around July 6, 2007, at a face to face meeting in Phoenix, Arizona, Plaintiff Cavan purchased two rare watches from Defendants.

8. One of the two watches purchased by Plaintiff Cavan was a Patek Philippe Ref 3449, Movement No. 799002, case No. 311263 produced in 1961, sold on May 31, 1965, made in three examples only, with an Extract from the Archives (the "Patek Ref 3449"). The purchase price for this watch was $1,800,000.

9. The other of the two watches purchased by Plaintiff Cavan was a Patek Philippe Ref 2523 HU World Time, Two Crown Wristwatch, Movement No. 722708, case No 306210, Made in 1953, sold on January 24, 1956, polychrome cloisonné enamel dial of the map of North America with an Extract from the Archives (the "Patek Ref 2523"). The purchase price for this watch was $2,100,000.

10. On or around July 6, 2007, at a face to face meeting in Phoenix, Arizona, Defendants agreed to accept as trade eighteen watches from Plaintiff Cavan.

11. On or around July 7, 2007, in Phoenix, Arizona, Defendants received the following eighteen watches from Plaintiff Cavan: (1) Patek 5960P #3500283/4354405, (2) Patek 5960P #3500402/4325004, (3) Patek 5070R-001 #3363957/4359174, (4) Patek 5110P-001 #3212772/4248517, (5) Patek 5146J-001 #3420565/4352310, (6) Vacheron Tourbillon Tonneau Ref. 30066/000P-8817 #914843/739657, (7) Vacheron Royal Eagle Grand Prix Istanbul #17/50 Ref. 49145/001R #988251/816368, (8) Vacheron Ref. 47120/000R, (9) Vacheron Ref. 47120/000G, (10) LANG & SOHNE Ref. 404.035 Datograph Split-Seconds #52965/162946, (11) LANGE & SOHNE Datograph Perpetual Case # 158041, (12) LANGE & SOHNE Luna Mundi Set, (13) Vacheron Open Face Tourbillon PT, (14) Patek 5074J Blk Dial, (15) Vacheron 30040R, (16) Vacheron 30040R, (17) Vacheron Jubile Set, and (18) Vacheron Jubile Set (collectively the "Eighteen Watches").

12. Defendants accepted the Eighteen Watches for a value of $2,295,000.00 towards the purchase price of the Patek Ref 3449 and the Patek Ref 2523.

13. Defendants provided an additional discount of $150,000 towards the purchase price of the Patek Ref 3449 and the Patek Ref 2523. The remaining balance due was $1,455,000.00.

14. On September 13, 2010, Plaintiff Cavan made payment of $150,000 to Defendants leaving a balance of $1,304,000.00.

15. Defendants did not provide either the Patek Ref 3449 or the Patek Ref 2523 to Plaintiff Cavan.

16. Upon information and belief of Plaintiff Cavan, Defendants sold one or both of the Patek Ref 3449 and the Patek Ref 2523 to other purchasers.

17. In or around October 2011, Plaintiff Cavan requested the return of the Eighteen Watches and his $150,000 payment.

18. In December of 2011, Defendant Robert Maron stated he had a rare Patek Philippe Ref 2499J 18K 1st Series watch worth over two million dollars.

3

19. On December 19, 2011, Plaintiff Cavan and Defendants agreed that Plaintiff Cavan would receive the Patek Philippe Ref 2499J 18K 1st series watch No. 868244/665011, Extract from the Patek Philippe Archives and Patek Philippe box (the "Patek Ref 2499J"), instead of the Patek Ref 3449 and the Patek Ref 2523 watches, in consideration for the Eighteen Watches and $150,000 cash previously given to Defendants, with no further money due from Plaintiff Cavan. The agreement was evidenced by a writing signed by Plaintiff Cavan and Defendant Maron on or about January 20, 2012.

20. Defendants subsequently delivered to Plaintiff Cavan a watch (the "Inferior Substituted Watch"), but it was not the Patek Ref 2499J as described in that the original dial had been replaced with an inferior dial.

21. In or around April 2015, Plaintiff Cavan first became aware that the Inferior Substituted Watch may not have the original dial, so Plaintiff Cavan, at substantial expense, had the watch examined and evaluated by watch expert, Eric Tortella.

22. In his written report, dated June 26, 2015, Eric Tortella confirmed that the original dial on the Patek Ref 2499J had been replaced with an inferior dial.

23. The Inferior Substituted Watch with the replaced dial is worth significantly less than the promised Patek Ref 2499J with the original dial.

24. Shortly after receiving the Eric Tortella report, Plaintiff Cavan caused John Young, a watch broker speaking on Plaintiff Cavan's behalf, to communicate to Defendants that the Inferior Substituted Watch did not have the original Patek Ref 2499J dial.

25. In or around September 2015, Defendant Robert Maron told John Young that he was not sure what happened and that he would "take care of it" and replace the dial on the Inferior Substituted Watch with the original Patek Ref 2499J dial.

26. In or around November 2015, Defendant Maron admitted that he had switched the dial and, again, acknowledged that Defendants were responsible for delivering the original Patek Ref 2499J dial to Plaintiff Cavan, and promised to do so.

27. Defendants have not delivered the original Patek Ref 2499J dial to Plaintiff Cavan.

28. Defendants have neither returned to Plaintiff Cavan the Eighteen Watches nor returned any money to Plaintiff Cavan.

## COUNT I – BREACH OF CONTRACT

29. Plaintiff Cavan realleges and incorporates the allegations set forth above.

30. Defendants materially breached the agreement to provide the Patek Ref 2499J by not providing the original dial and, instead, delivering the Inferior Substituted Watch to Plaintiff Cavan.

31. Defendants acknowledged that it was their responsibility to provide the watch with the correct dial but has been unable or unwilling to provide the original Patek Ref 2499J dial.

32. Plaintiff Cavan suffered substantial damage as a result of that breach in an amount of approximately $2,000,000, according to proof at trial.

## COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33. Plaintiff Cavan realleges and incorporates the allegations set forth above.

34. Plaintiff Cavan and Defendants had an implied-in-law covenant of good faith and fair dealing as parties to the contract for the Patek Ref 2499J. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153-54, 726 P.2d 565, 569-70 (1986) (The implied covenant of good faith and fair dealing in every contract prohibits "a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement.").

35. Defendants breached that covenant of good faith and fair dealing by delivering the Inferior Substituted Watch that did not have the original Patek Ref 2499J dial.

36. On information and belief, Defendants knew that the Inferior Substituted Watch had the wrong dial, and furnished the watch with the intent to injure Plaintiff Cavan, or with a reckless disregard for such injury.

37. As a direct and proximate cause of these breaches, Plaintiff Cavan sustained substantial damage of approximately $2,000,000, according to proof at trial.

**COUNT III – BREACH OF FIDUCIARY DUTY**

38. Plaintiff Cavan realleges and incorporates the allegations set forth above.

39. Defendants represented themselves to Plaintiff Cavan as watch dealers with significant rare watch expertise, who acknowledged and accepted receipt of watches valued at $2,295,000.00 and $150,000 cash from Plaintiff Cavan, and, therefore, Defendants owed Plaintiff Cavan a fiduciary duty regarding the purchase of the Patek Ref 2499J.

40. Defendants breached that fiduciary duty by failing to honor the promise to provide the Patek Ref 2499J with the original dial, and instead delivered the Inferior Substituted Watch.

41. As a direct and proximate cause of these breaches, Plaintiff Cavan sustained substantial damage of approximately $2,000,000, according to proof at trial.

**COUNT IV – NEGLIGENT MISREPRESENTATION**

42. Plaintiff Cavan realleges and incorporates the allegations set forth above.

43. Defendants owed a duty to Plaintiff Cavan, as a trusted rare watch dealers and experts.

44. Defendants represented to Plaintiff Cavan that Defendants would deliver to Plaintiff Cavan a watch valued at substantially over $2,000,000, instead of the Patek Ref 3449 and the Patek Ref 2523 watches, in exchange for the Eighteen Watches valued at $2,295,000 and additional $150,000 in cash that Plaintiff Cavan provided to Defendants.

45. This representation was false as Defendants did not deliver the Patek Ref 2499J as described with the original dial. Instead Defendants delivered the Inferior Substituted Watch that was worth significantly less than described.

46. Defendants as experienced rare watch dealers were particularly familiar with luxury watches, and knew or should have known that the watch he delivered to Plaintiff Cavan had the wrong dial.

47. Plaintiff Cavan materially relied on this misrepresentation. Plaintiff Cavan would not have agreed to accept the watch in consideration for the Eighteen Watches and cash provided

1  to Defendants had he known that he was not receiving the Patek Ref 2499J valued at substantially
2  over $2,000,000.

3  48.  Plaintiff Cavan reasonably relied on each of these misrepresentations of
4  experienced rare watch dealers in the business of buying and selling luxury watches valued at
5  millions of dollars.

6  49.  As a direct and proximate cause of the misrepresentations, Plaintiff Cavan sustained
7  substantial damage of approximately $2,000,000, according to proof at trial.

## COUNT V – FRAUD

50.  Plaintiff Cavan realleges and incorporates the allegations set forth above.

51.  On information and belief, Defendant Robert Maron made several misrepresentations, including that Plaintiff Cavan would receive an original Patek Ref 2499J worth substantially over $2,000,000, knowing that such representations were false and/or with reckless disregard of the facts that made the representations false.  Defendant Robert Maron further represented that he would fix the situation and provide the correct dial despite having no intention of replacing the dial.

52.  Defendant Robert Maron made these false representations with the purpose of inducing Plaintiff Cavan to agree to the exchange and not pursue his right to receive the promised original Patek Ref 2499J.

53.  Upon information and belief, Defendants also knew that the Inferior Substituted Watch delivered did not have the original dial for the Patek Ref 2499J.

54.  Upon information and belief, Defendants had replaced the original dial of the Patek Ref 2499J with an inferior dial to receive a substantial profit from the sale of the original dial in hopes that Plaintiff Cavan would never discover that the Inferior Substituted Watch had the wrong dial.

55. As a direct and proximate cause of Defendant Robert Maron's fraudulent misrepresentations, Plaintiff Cavan sustained substantial damage of approximately $2,000,000, according to proof at trial.

56. On information and belief, Defendants made the misrepresentations and switched the dials with malicious intent toward Plaintiff Cavan and/or in conscious disregard of the economic rights and well-being of Plaintiff Cavan. As a result, Plaintiff Cavan is entitled to an award of punitive damages according to proof at trial.

## COUNT VI – UNJUST ENRICHMENT

57. Plaintiff Cavan realleges and incorporates the allegations set forth above.

58. As a result of the misconduct of Defendants, including the failure to honor the promise to replace the dial with the original dial to the Patek Ref 2499J and the misrepresentations alleged above, Defendants made a substantial profit at Plaintiff Cavan's expense.

59. If Defendants are permitted to retain the Eighteen Watches, payment, and economic benefit received from removing the original dial as a result of their misconduct that resulted in Plaintiff Cavan accepting the Inferior Substituted Watch, Defendants will be unjustly enriched.

## PRAYER FOR RELIEF

Plaintiff Cavan prays for the following relief:

1. Compensatory damages in an amount to be proven at trial;
2. Consequential damages in an amount to be proven at trial;
3. Punitive damages in an amount to be proven at trial;
4. Attorneys' fees and costs; and,
5. All such further relief that the court deems just.

Plaintiff Cavan demands a jury trial.

RESPECTFULLY SUBMITTED THIS 21st day of December, 2015

THE MAEROWITZ LAW FIRM

/s/ Kim R. Maerowitz
Kim R. Maerowitz
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
kmaerowitz@maerowitzlaw.com
602-277-0633

*Attorneys for Plaintiff*